UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENBO YANG and                                Case No. 06-14816
MING HU,
                                              Hon. Gerald E. Rosen
            Plaintiffs,

v.

ALBERTO R. GONZALES, MICHAEL
CHERTOFF, EMILIO T. GONZALEZ,
CAROL JENIFER, ROBERT S.
MUELLER, III,

            Defendants.
_____/

OPINION AND ORDER REGARDING DEFENDANTS'
MOTION TO DISMISS OR REMAND

At a session of said Court, held in the
U.S. Courthouse, Detroit, Michigan
on ____April 24, 2007_____

PRESENT: Honorable Gerald E. Rosen
United States District Judge

## I. Introduction

Plaintiff Wenbo Yang filed the present action on October 25, 2006, complaining of an

excessive delay in the processing of her Petition and Application for Naturalization.[1]  Pursuant to

8 U.S.C. § 1447(b), a citizenship applicant may bring such an action if the Government does not

_____

[1] Ming Hu joined Wenbo Yang as a party-plaintiff in this action.  However, since the
Complaint was filed, Ming Hu was approved for naturalization and he took his oath of U.S.
citizenship on December 21, 2006.  The parties, therefore, stipulated to the dismissal of Ming
Hu's claims and the Court, accordingly, ordered his dismissal from this action on February 28,
2006.  Therefore, only Wenbo Yang remains as a plaintiff in this action.

1

make a determination on her application "before the end of the 120-day period after the date on which a [statutorily mandated] examination is conducted. . . ."  Plaintiff alleges that with respect to her citizenship application, this 120-day period has lapsed and, therefore, she is now eligible to have her application adjudicated.

The Government, by a motion filed on March 2, 2007, seeks dismissal of this action or a remand to the U.S. Citizenship and Immigration Services ("CIS") so that the agency may complete the processing of Plaintiff's application for naturalization.  The Government argues that this Court lacks subject matter jurisdiction over this action because the 120-day period following an examination of an applicant has not, in fact, expired.  In making this argument, the Government urges this Court to reconsider its previous holding in *Khelifa v. Chertoff*, 433 F. Supp. 2d 836 (E.D. Mich. June 9, 2006), where a contrary interpretation of 8 U.S.C. § 1447(b) was reached.  Alternatively, if this Court continues to find a jurisdictional basis for this action, the Government asks that it remand the case to the CIS for a determination of Ms. Yang's citizenship application.   Plaintiff responded to this motion on March 21, 2007, asserting that this Court has jurisdiction to decide this issue as well as authority to remand this case and set a precise timetable in which action must be taken by the Federal Bureau of Investigation ("FBI") and the CIS.  The Government replied on March 30, 2007 re-asserting its original position. Additionally, on April 3, 2007, the Government filed supplemental authority in support of its motion to dismiss, citing additional authority to support its argument.

The Court finds that the relevant facts, allegations, and legal arguments are adequately contained in the parties' submissions and in the written record as a whole, and, therefore, oral argument would not significantly aid the decisional process.  Accordingly, the Court will decide

Defendant's motion on the briefs.  *See* Eastern District of Michigan Local Rule 7.1(e)(2).

## II.  Discussion

### A.  Background

Plaintiff Wenbo Yang is a native and citizen of China.  She was granted permanent resident alien status in the United States in 2000.

Ms. Yang filed her Form N-400 with the U.S. Citizenship and Immigration Services' Nebraska Service Center in 2005.  She was interviewed by an Immigration Officer on June 1, 2006, and after her interview, was informed that she successfully passed the English and history tests.  However, Plaintiff was advised that her background check was still pending.  As of the date of the Government's motion, the status of Ms. Yang's background check is unknown.  There appears to be no dispute that the only outstanding matter which prevents the adjudication of Plaintiff's N-400 application is her FBI name and background check.

### B.  Application of 8 U.S.C. § 1447(b)

This Court has previously discussed the statutory framework governing the CIS's processing of a naturalization application in *Khelifa v. Chertoff*, 433 F. Supp. 2d 836 (E.D. Mich. 2006), and incorporates this discussion in this Opinion and Order.

### C.  This Court Has Subject Matter Jurisdiction

8 U.S.C. § 1446(d) requires the CIS to determine whether to grant or deny an application for naturalization.  Section 1447(b) of the Act provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

3

The Government argues that the 120-day statutory period has not yet commenced because the "examination" of the Plaintiff has not been completed.  In making this argument, the Government relies heavily upon *Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005). There, the court found "examination" to mean the entire naturalization process rather than a single triggering event, such as the personal interview.  Under the *Danilov* court's interpretation, then, it would be only after the CIS had completed the entire naturalization process, i.e., satisfactory completion of the personal interview <u>and</u> the FBI background check, that the 120-day statutory period would begin.  This is the same argument the Government made in *Khelifa*. The Government cites four additional unreported cases in support of the *Danilov* interpretation of "examination":  *Walji v. Gonzales*, No. 06-1163, (S.D. Tex. Oct. 6, 2006); *Kassemi v. DHS*, 2006 WL 2938819 (D.N.J. Oct. 13, 2006); *Damra v. Chertoff*, 2006 WL 1786246 (N.D. Ohio June 23, 2006); and *Martinez v. Gonzales*, 463 F.Supp.2d 569 (E.D. Va. 2006).  In all of these cases, the courts construed the term "examination" as meaning a process rather than a single event.  On April 3, 2007, the Government proffered supplemental authority reinforcing its interpretation of the term "examination."  *See Kitilya v. Gonzales*, No. 06-1328 (C.D. Cal. March 20, 2007), in which the court also interpreted the term "examination" as a process.

It is here that the Government urges this Court to take a "careful second look" at its previous interpretation in *Khelifa* of the term "examination."  The Government argues that the "judicial tide has shifted against equating a naturalization interview with an applicant's full examination."

However, after taking a careful second look at its interpretation of the term "examination," this Court has decided to continue to follow its original jurisdictional holding in

4

*Khelifa v. Chertoff*, *supra*.  While some courts have adopted the interpretation found in *Danilov*, this Court still finds that an overwhelming majority of cases support this Court's original holding.  *See Khelifa, supra.  See also, Hussein v. Gonzales*, 2007 WL 328691 (M.D. Fla., Jan. 31, 2007) and *Attili v. Federal Bureau of Investigations*, 2007 WL 471124 (S.D. Tex. Feb. 9, 2007), as other recent examples of other courts that continue to follow this Court's interpretation.

Applying these authorities, the Court finds that the 120-day statutory decision making period commences when an applicant "appear[s] in person before a Service officer" as provided in the CIS regulation that governs examination, 8 C.F.R. § 335.2.  The required FBI background check is entirely separate from this "examination," and the 120-day period is not tolled pending its completion.  Ms. Yang's "examination" was conducted on June 1, 2006 and the 120-day period has long since expired.  This Court, thus, has subject matter jurisdiction under 8 U.S.C. § 1447(b).

### D.  The Court Elects to Remand This Case for a Prompt Agency Determination

Plaintiff has pointed out that this Court has authority to adjudicate the application pursuant to 8 U.S.C. § 1447(b).[2]  Yet, she also concedes that her FBI background check is not complete.  The Government's argument for remand to the CIS is a stronger one.  This Court is not equipped to make a complete determination as to Ms. Yang's eligibility for citizenship.  The United States has an agency that functions on a daily basis to make such determinations.  In *El-Daour v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa. 2005), the court held that a court is not able to adjudicate an application for the very reason CIS had been precluded from making its own final

---

[2]Pursuant to Section 1447(b), the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

5

determination -- the FBI background check was incomplete.  *Id*. at 683-84.  *Essa v. Immigration Services*, 2005 WL 3440827 (D. Minn. Dec. 14, 2005) expands *El-Daour*, holding "to adjudicate petitioners' applications at this stage would contravene Congress's intent that an FBI background check is to be completed prior to the adjudication of every naturalization application."

More generally, a remand is consistent with the rule that, "[g]enerally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."  *Immigration & Naturalization Services v. Ventura*, 537 U.S. 12, 16 123 S.Ct. 353, 355 (2002).

Ms. Yang has asked that this Court remand this case with a precise timetable requiring action by the FBI and CIS.  Plaintiff points out that under § 1447(b), this Court has the discretion to "remand the matter, with appropriate instructions, to the Service to determine the matter."  It is true that without some specificity, Ms. Yang would be in the same position as she was before she filed this action.  However, this Court is as ill-equipped to determine a precise timetable for a background check as it is to adjudicate Ms. Yang's application.  It is not known at what stage Plaintiff's background check is currently in or if there would be a need for further inquiry should the FBI find something.

This Court is not unsympathetic to Ms. Yang's deep desire to become a U.S. citizen.  It is true, as the Government points out, that Ms. Yang is a permanent resident alien and is not removable.  But, with citizenship come other benefits not derived solely from being able to live and work in this country, such as the right to vote.

Accordingly, this Court ORDERS that this matter be remanded to the CIS with

instructions to expedite Ms. Yang's FBI background check.  The Defendant is further

ORDERED to render its determination as expeditiously and promptly as possible on Plaintiff

Wenbo Yang's application.

### III.  Conclusion

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' March 2, 2007 motion to dismiss or remand

is GRANTED IN PART and DENIED IN PART, in accordance with the rulings set forth in this

Opinion and Order.


s/Gerald E. Rosen             
Gerald E. Rosen
United States District Judge

Dated:  April 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on
April 24, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry        
Case Manager